IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DOLLY ROLAND, JOHN LUDDY,
NORMAN CARL, LYDIA HOLLAND,
JAMES VALENTINE, EZRA THOMAS,
JOHN MORGAN, RANDALL GOFF,
BILLY LEE, SHARON BAKER,
GERMAINE CAREY, NATHANIAL TERRELL,
LAWRENCE EVANS, and RICKEY BONNER,

    Plaintiffs,

v.                                             No. 3:17-cv-00757-DRH

JANSSEN RESEARCH & DEVELOPMENT, LLC,
f/k/a JOHNSON AND JOHNSON PARMACEUTICAL
RESEARCH AND DEVELOPMENT, LLC; JANSSEN
ORTHO LLC; JANSSEN PHARMACEUTICALS, INC.,
f/k/a JANSSEN PHARMACEUTICA, INC., f/k/a ORTHO-
MCNEIL-JANSSEN PHARMACEUTICALS, INC.;
BAYER HEALTHCARE PHARMACEUTICALS INC;
BAYER PHARMA AG; BAYER CORPORATION;
BAYER HEALTHCARE LLC; BAYER HEALTHCARE AG;
and BAYER AG,

    Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Before the Court is plaintiffs' Second Motion to Remand, or in the alternative, Shorten the Briefing Schedule (Doc. 11), and defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 14). Based on the following, the Motion to Remand (Doc. 11) is **DENIED**; and Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 14) is **GRANTED IN PART**. Further, defendants' Motion to Stay Proceedings (Doc. 20) is **DENIED AS MOOT**.

# I. BACKGROUND

## A. Notice of Removal/Complaint

On July 19, 2017, defendants filed a Second Notice of Removal (Doc. 1) pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removing the above-styled action from the Circuit Court of St. Clair County, Illinois[1] (*Id.*). Specifically, defendants argued they are not subject to personal jurisdiction in Illinois based on claims of non-Illinois plaintiffs,[2] who were embedded in the lawsuit explicitly to destroy diversity jurisdiction (*Id.*). As a result, defendants insist dismissal of non-Illinois plaintiffs' claims for lack of personal jurisdiction—leaving Illinois plaintiff Dolly Roland ("Roland") as sole claimant in the action (*Id.*).

Defendants draw attention to the recent Supreme Court ruling in *Bristol-Meyers Squibb Co. v. Super. Ct. of Cal., S.F. Cty.*, 137 S.Ct. 1773 (2017) ("*BMS*") which established state courts lack specific jurisdiction to entertain non-resident plaintiff claims[3] (*Id.* at 2). Put differently, defendants argue *BMS* indisputably

---

[1] Plaintiffs' Complaint was filed on April 27, 2017, in the Circuit Court, Twentieth Judicial Circuit, St. Clair County, IL, under Cause No. 17-L-224. Plaintiffs' sought damages for injuries sustained as a result of ingesting the pharmaceutical drug Xarelto (rivaroxaban) (Doc. 1-1 at 3).

[2] Plaintiff Dolly Roland is a citizen of Illinois; plaintiff John Luddy is a citizen of New Jersey; plaintiff Norman Carl is a citizen of Pennsylvania; plaintiff Lydia Holland is a citizen of Arkansas; plaintiff James Valentine is a citizen of Mississippi; plaintiff Ezra Thomas is a citizen of Tennessee; plaintiff John Morgan is a citizen of Louisiana; plaintiff Randall Goff is a citizen of Kentucky; plaintiff Billy Lee is a citizen of Georgia; plaintiff Sharon Baker is a citizen of Virginia; plaintiff Germaine Carey is a citizen of Pennsylvania; plaintiff Nathaniel Terrell is a citizen of Indiana; plaintiff Lawrence Evans is a citizen of Ohio; and, plaintiff Rickey Bonner is a citizen of Tennessee (Doc. 1-1 at 5-7).

[3] On June 2, 2017, defendants filed a First Notice of Removal regarding the instant claims. S*ee* Notice of Removal, Roland et al. v. Janssen Research & Dev., LLC et al, No. 17-cv-00582-DRH (S.D. Ill. June 2, 2017), ECF No. 1. Plaintiffs filed a First Motion to Remand, *see* Motion to Remand, at *id.*, ECF No. 15, which this Court granted on July 18, 2017. *See* Order Granting Motion to Remand, at *id.*, ECF No. 20. On June 19, 2017, the Supreme Court's holding in *BMS* established the Fourteenth Amendment's due process clause did not permit the exercise of specific personal jurisdiction in state court over nonresident consumer's claims. *See BMS* at 1781 ("In

confirms lack of specific jurisdiction in respect to claims against defendants asserted by non-Illinois plaintiffs, who were neither prescribed Xarelto, nor used Xarelto in Illinois; and whose claims possess no connection to Illinois—irrespective of whether joined with those of Roland (*Id.*). Defendants now argue "re-removal" is proper, and further urge the Court, under *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999), to exercise discretion and initially rule on the question of personal jurisdiction before subject-matter jurisdiction[4] (*Id.*). Under this rationale dismissal of non-Illinois plaintiffs creates complete diversity between Roland and defendants (*Id.*). Further, defendants maintain the ruling in *BMS* amounts to an "order" or "other paper" pursuant to 28 U.S.C. § 1446(b)(3), which activates a new 30-day time clock, thus negating any counterargument regarding violation of the statute of limitations for removal (*Id.*).

**B. Motion to Remand/12(b)(6) Motion to Dismiss**

In reaction, plaintiffs' filed the instant Second Motion to Remand, or in the alternative, Shorten the Briefing Schedule (Doc. 11). Plaintiffs argue defendants' Notice of Removal is untimely, considering no qualifying event occurred within 30-days prior to filing which would initiate the 30-day removal window (*Id.*)

---

order for a court to exercise specific jurisdiction over a claim, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State") (internal quotation marks and brackets omitted). As a result of Supreme Court clarification on the specific jurisdiction issue, defendants filed the Second Notice of Removal (Doc. 1) at issue.

[4] Defendants also direct the Court to an analogous case, *see Jordan v. Bayer Corp.*, 2017 WL 3006993 (E.D. Mo. July 14, 2017), where the district court concluded it was more efficient to inquire into the straightforward question of personal jurisdiction before subject-matter jurisdiction based on the holding in *BMS*; and subsequently dismissed claims of non-resident plaintiffs for lack of personal jurisdiction.

Moreover, plaintiffs contend grounds for removal fail due to lack of personal jurisdiction, and respectfully request the Court remand the case to the Twentieth Judicial Circuit, St. Clair County, IL (*Id.*).

On July 25, 2017, this Court entered an order directing defendants' response to focus on whether the Court—assuming it does not have subject matter jurisdiction—has the authority to rule on the question of personal jurisdiction (Doc. 13). In response defendants explain, inter alia, under *Ruhrgas AG*, there is no hierarchy regarding district court inquiry into jurisdiction; and, circumstances exist—such as overriding concerns of judicial economy and restraint—where priority should be given to personal jurisdiction over subject-matter jurisdiction[5] (Doc. 22 at 2).

Subsequently, defendants filed a Motion to Dismiss claims of non-Illinois plaintiffs for lack of personal jurisdiction[6] (Doc. 14). The argument was identical to defendants' above-mentioned response: plaintiff Roland is a citizen of Illinois; all other plaintiffs are not citizens of Illinois; and, were not prescribed Xarelto in Illinois, did not use Xarelto in Illinois, were not injured in Illinois, and moreover, asserted no claims arising out of defendants' conduct in Illinois[7] (Doc. 15).

---

[5] Defendants also reiterated the argument on district court authority to address issues of personal jurisdiction before determining subject-matter jurisdiction pursuant to *BMS*; and further provided the following three reasons why the Court cannot establish personal jurisdiction over defendants regarding non-Illinois plaintiff claims: (1) non-Illinois plaintiffs' claims have no connection to Illinois; (2) no defendants are incorporated or headquartered in Illinois; and (3) non-Illinois plaintiffs have not alleged any defendant conduct in Illinois related to alleged injuries (Doc. 22 at 2).

[6] Defendant's Motion to Dismiss was filed pursuant to FED. R. CIV. P. 12(b)(2) (Doc. 14).

[7] In response, plaintiffs rehashed their argument stating, inter alia, "[t]his Court lacks subject matter jurisdiction for the reasons Plaintiffs explained in their remand motions and supporting

## II. ISSUES PRESNTED

The Court shall determine: (1) whether precedence should be given to personal jurisdiction over subject-matter jurisdiction in ruling on plaintiffs' Motion to Remand; (2) whether the Court possesses personal jurisdiction over defendants; and, if claims remain, (3) whether defendants' Notice of Removal is untimely under section 1446.

## III. ANALYSIS

### A. Discretion in Jurisdiction

"Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter, but there are circumstances in which a district court appropriately accords priority to a personal jurisdiction inquiry." *Ruhrgas AG*, at 578. Although inquiries into subject-matter jurisdiction must be undertaken *sua sponte*, *see* FED. R. CIV. P. 12(h)(3) (if court determines at any time it lacks subject-matter jurisdiction it must dismiss the action), *it does not necessarily mean subject-matter jurisdiction is perpetually more significant than personal jurisdiction. See Advanced Tactical Ordnance Sys., LLC, v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014) (citing *Ruhrgas AG* at 584, and explaining district court is entitled to entertain threshold personal jurisdiction inquiry at outset of case); *see also Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 779 (2000) (stating without personal jurisdiction court is powerless to proceed to adjudication); *Philos Tech., Inc., v. Philos & D, Inc.*, 645 F.3d 851,

---

memoranda ... . This Court should therefore remand this action for the same reasons it did the first time Defendants removed it" (Doc. 25 at 4).

855 (7th Cir. 2011) ("A court 'without personal jurisdiction of the defendant' is wholly 'without power to proceed to an adjudication' binding on that defendant, regardless of the specific reason such jurisdiction is lacking.").

Consequently, district courts "do not overstep Article III limits when [ ] declin[ing] jurisdiction of state-law claims on discretionary grounds without determining whether those claims fall within their pendent jurisdiction . . . without deciding whether the parties present a case or controversy." *Ruhrgas AG*, at 585. Where a straightforward personal jurisdiction issue presenting no complex question of state law is pending before the Court—and the dispute over subject-matter jurisdiction is problematic—"*the [C]ourt does not abuse its discretion by turning directly to personal jurisdiction*." *See id.*, at 588 (emphasis added).

**B. Personal Jurisdiction is more "Straightforward"**

"[I]n most instances subject-matter jurisdiction will involve no arduous inquiry." *Id.* at 587. However, if the dispute presents "a difficult and novel" subject-matter jurisdiction analysis, a court does not abuse its discretion in addressing a "straightforward" personal jurisdiction inquiry, free from complex questions of state law. *See id.* at 588.

In this case, plaintiffs argue an analysis of subject-matter jurisdiction would neither be difficult or novel, considering parties are non-diverse and defendants' personal jurisdiction argument is grounded on the concept of "fraudulent misjoinder." *See, e.g., Davidson v. Bristol-Myers Squibb Co.*, No. 12-58-GPM, 2012 WL 1253165, at *3 (S.D. Ill. Apr. 13, 2012) (stating neither Seventh Circuit

or U.S. Supreme Court had occasion to pass on doctrine of fraudulent misjoinder). In contrast, plaintiffs contend a personal jurisdiction inquiry is much more complex, requiring a pervasive legal and factual investigation into defendants' business contacts and activities relating to Illinois.

On the other hand, defendants argue several courts that utilized the *BMS* holding have conclusively held personal jurisdiction—instead of subject-matter jurisdiction—is the "more straightforward inquiry." *See Jinright v. Johnson & Johnson*, No. 14:17-CV-01849 ERW, 2017 WL 3731317 (E.D. Mo. Aug. 30, 2017); *Covington v. Janssen Pharm., Inc.*, No. 4:17-CV-1588 SNLJ, 2017 WL 3433611 (E.D. Mo. Aug. 10, 2017); *Gallardo v. Johnson & Johnson*, No. 4:17-CV-1601 SNLJ, 2017 WL 3128911 (E.D. Mo. July 24, 2017) (explaining court chose to address personal jurisdiction before subject matter jurisdiction because personal jurisdiction was much easier to decide); *Jordan v. Bayer Corp.*, No. 4:17-CV-865 CEJ, 2017 WL 3006993 (E.D. Mo. July 14, 2017); *Siegfried v. Boehringer Ingelheim Pharm., Inc.*, No. 4:16-CV-1942 CDP, 2017 WL 2778107 (E.D. Mo. June 27, 2017).

Based on the above recent legal decisions combined with lack of "unyielding jurisdictional hierarchy," interests of judicial economy, and weight of the precautionary effect on ruling on an issue that could regress and bind the state court, *see Ruhrgas AG*, at 587, **the Court finds that in this matter personal jurisdiction is the more straightforward inquiry**—and will analyze same before addressing challenges to subject-matter jurisdiction.

**C. Personal Jurisdiction Analysis**

"A federal district court sitting in diversity must apply the personal jurisdiction rules of the state in which it sits." *Kipp v. Ski Enter. Corp. of Wis., Inc.*, 783 F.3d 695, 697 (7th Cir. 2015). "Personal jurisdiction can be either general or specific, depending on the extent of the defendant's contacts with the forum state." *See uBid, Inc., v. GoDaddy Group, Inc.*, 623 F.3d 421, 425 (7th Cir. 2010). Under general personal jurisdiction, the Court "may exercise personal jurisdiction over defendants even in cases that do not arise out of and are not related to the defendant's forum contacts" when defendants possess "continuous and systematic" contacts with Illinois—if said contacts exist. *See Hyatt Intern. Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). As relevant, corporations are subject to general personal jurisdiction in forums where they are incorporated, and where their principle place of business is located. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014). Therefore, Illinois does not have general personal jurisdiction over defendants in this matter because no defendant is incorporated in Illinois, nor has its principle place of business in Illinois.

In exercising specific personal jurisdiction, defendants' contacts with Illinois must be directly related to the challenged conduct. *See N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014) (citing *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010).[8] Federal courts in Illinois may exercise specific personal jurisdiction over defendants under Illinois' Long-Arm statue

---

[8] *See Tamburo*, at 702 (explaining specific personal jurisdiction is appropriate where defendant purposefully directed activities at forum state or purposefully availed privilege of conducting business in that state and alleged injury arises out of defendant's forum-related activities).

because Illinois permits personal jurisdiction authorized by either the Illinois Constitution or the United States Constitution. *See uBID, Inc.,* at 425 (explaining state statutory and federal constitutional requirements merge); *see also* 735 ILCS 5/2-209.

Plaintiffs' argue both Illinois state court and this Court—under diversity jurisdiction—have specific personal jurisdiction over resident *and* non-resident plaintiff claims. *Cf. Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003) ("plaintiff bears the burden of demonstrating the existence of jurisdiction."). Plaintiffs allege defendants purposefully targeted Illinois as the location for multiple clinical trials which formed the foundation for defendants' Xarelto Food and Drug Administration application. Furthermore, plaintiffs rationalize pharmaceutical clinical testing within Illinois has previously been recognized as a basis for granting personal jurisdiction over non-Illinois plaintiff claims.

While defendants agree this Court possesses personal jurisdiction over plaintiff Roland—who alleged she was injured by Xarelto in Illinois—defendants wholly dispute plaintiffs' notion that this Court maintains personal jurisdiction over the other non-Illinois plaintiffs' claims; which involved no harm in Illinois and no harm to Illinois residents. It is undisputed that non-Illinois plaintiffs do not claim injuries from ingesting Xarelto in Illinois, and all conduct giving rise to non-Illinois plaintiffs' claims occurred in other states.

The instant matter is analogous to *BMS* where the United States Supreme Court held that California state courts do not retain specific personal jurisdiction over non-resident defendant pharmaceutical companies, for non-resident plaintiff claims not arising out of or relating to defendant's contacts with California. *See BMS*, at 1780-1783. Similar to *BMS*, **this Court lacks general personal jurisdiction over defendants**, *see Daimler AG*, at 754; likewise, **this Court lacks specific personal jurisdiction over defendants** *regarding non-Illinois plaintiffs' claims*. *See BMS*, at 1781 (stating in order for court to exercise specific jurisdiction over claim there must be an affiliation between forum and underlying controversy, "principally, [an] activity or occurrence that takes place in the forum State.").

### D. 12(b)(2) Motion to Dismiss Regarding Non-Illinois Plaintiffs

When personal jurisdiction is challenged pursuant to Fed. R. Civ. P. 12(b)(2), plaintiffs bear the burden of establishing personal jurisdiction over defendants. *See N. Grain Mktg.*, at 491 (citing *Purdue Research Found.*, at 773). If the issue of personal jurisdiction is raised by a motion to dismiss, and decided on written material rather than an evidentiary hearing, plaintiffs need only make a prima facie showing of jurisdictional facts. *Id*. The Court must take as true all well-pleaded facts alleged and resolve any factual disputes in favor of the plaintiff. *See Tamburo*, at 700.

Here, thirteen out of fourteen plaintiffs failed to allege ingestion of Xarelto in Illinois, or suffered from injuries caused by Xarelto in Illinois. Rather, the non-Illinois plaintiffs alleged ingestion of Xarelto at some point, at some unknown

location; and further alleged Xarelto is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings. Under these facts—in regard to non-Illinois plaintiffs' allegations—there is no connection between Illinois and the underlying Xarelto controversy, which in itself is unconnected to Illinois but for plaintiff Roland. *See id.* (citing to *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 927 (2011); *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 318 (1945) and explaining defendants' general connections with forum are not enough; a corporation's continuous activity of some sort within a state is not enough to support demand that corporation be amenable to lawsuits unrelated to specified activity); *cf. Siegfried*, at *4.[9] As a result, non-Illinois plaintiffs' claims do not arise out of defendants' contacts with the state of Illinois, and moreover, **this Court lacks specific personal jurisdiction over non-Illinois plaintiffs' claims**.

Therefore, defendants' Motion to Dismiss non-Illinois plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(2) is **GRANTED IN PART**. All non-Illinois plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE**; and the Court retains personal jurisdiction over claims made by Illinois plaintiff Roland.

---

[9] "Plaintiffs here assert that this court has specific jurisdiction over all defendants for all plaintiff's claims. They argue that defendants' tortious conduct gave rise to this cause of action as a whole and defendants' contacts with Missouri constitute part of the same series of transactions for all plaintiffs. These contacts with Missouri include marketing, promoting, and selling Pradaxa in the state. It is undisputed that the same marketing and promotional activities took place throughout the United States. The non-Missouri plaintiffs, however, were not prescribed Pradaxa here, nor did they purchase the drug, suffer any injury, or receive treatment in Missouri."

**E. Defendants' Removal is Timely**

As a separate and alternative basis for remand, plaintiffs argue defendants' Second Notice of Removal is untimely under section 1446(b)(3). Section 1446(b)(3) states

> Except as provided in subjection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of *an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.*

(emphasis added). Plaintiffs filed their Complaint in St. Clair County Circuit Court on April 27, 2017. Defendants filed a Second Notice of Removal on July 19, 2017 after the Supreme Court's June 19, 2017 ruling in *BMS*. *See BMS*, at 1173. Plaintiffs erroneously contend defendant's July 19th filing violates section 1446(b)(3)'s 30-day time limit for removal because the *BMS* order does not qualify as "an amended pleading, motion, order or other paper." *See* § 1446(b)(3). In support, plaintiffs point to *Wisconsin v. Amgen, Inc.*, 516 F.3d 530, 533-34 (7th Cir. 2008) in a feeble attempt to persuade the Court that pleadings and orders filed in other suits, not related to the removed case, do not qualify as "order[s] or other paper[s]" as described in section 1446(b). *See id.* (explaining district court remand was proper where complaint in federal court was filed because it was related to different pending federal suit filed years later in different federal court).

Conversely, defendants contend the *BMS* order qualifies as an "order or other paper from which it may first be ascertained that the case is one which is or

has become removable." *See* § 1446(b). Correctly, defendants attest *BMS* conclusively established the Due Process Clause prohibits non-Illinois plaintiffs from filing claims against defendants in Illinois state courts. *See BMS*, at 1776. The Court agrees with defendants and finds plaintiffs' argument unfounded. When a "different case resolve[s] a legal uncertainty concerning the existence of original federal jurisdiction[,]" *removal is allowed on that basis. See Amgen, Inc.*, at 534.

## IV. CONCLUSION

Based on the foregoing, plaintiffs' Motion to Remand (Doc. 11) is **DENIED**. Defendants' Motion to Dismiss (Doc. 14) is **GRANTED IN PART**; **all non-Illinois plaintiffs' claims are DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction, and the Court **RETAINS** jurisdiction over defendants regarding Illinois plaintiff Roland's claims. Further, defendants' Motion to Stay Proceedings (Doc. 20) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Digitally signed by Judge David R. Herndon
Date: 2017.09.22 12:21:42 -05'00'

**UNITED STATES DISTRICT JUDGE**